UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIHAIL SLAVKOV, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FAST WATER HEATER PARTNERS I, LP, et al.,<br><br>  Defendants. | Case No. 14-cv-04324-JST<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT**<br><br>Re: ECF No. 32 |

Before the Court is Plaintiffs' Motion to Amend Complaint. ECF No. 32. Defendants oppose the motion. ECF No. 37. For the reasons set forth below, the Court will grant Plaintiffs leave to amend.

## I. BACKGROUND

On September 25, 2014, Plaintiffs Mihail Slavkov, Nikola Vlaovic, and Martin Arnaudov filed this putative class and collective action against Defendants Fast Water Heater Partners I, LP dba Fast Water Heater Company; FWH Acquisition Company, LLC dba Fast Water Heater Company; Jeffrey David Jordan; and Jason Sparks Hanleybrown. ECF No. 1. In the operative First Amended Complaint ("FAC"), filed on December 18, 2014, Plaintiffs assert the following claims: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime wages in violation of California law; (3) failure to make payments within the required time in violation of California law; (4) failure to provide proper itemized wage statements in violation of California law; (5) failure to provide reimbursements; (6) failure to comply with Labor Code section 2751; (7) failure to comply with San Francisco Sick Leave Ordinance; (8) violation of Labor Code sections 219 and 221; (9) violation of the Fair Credit Reporting Act ("FCRA"); (10) violation of the Investigative Consumer Reporting Agencies Act ("ICRAA"); (11) unfair competition in violation of California law; and (12) violation of the

1 Private Attorney General Act ("PAGA"). ECF No. 12.

2    Shortly after Plaintiffs filed their FAC, Defendants declined to proceed before a United
3 States Magistrate Judge, and the case was reassigned to the undersigned on December 31, 2014.
4 ECF Nos. 14, 16. In their joint case management statement, filed on January 13, 2015, the parties
5 proposed "that they engage in informal discovery and limited formal discovery followed by
6 mediation, which will be held by April 15, 2015." ECF No. 19 at 12. Because it took longer than
7 anticipated for Defendants to collect and produce the informal discovery requested by Plaintiffs in
8 anticipation of the mediation, the parties rescheduled their April 6, 2015 mediation for May 21,
9 2015. ECF No. 26 at 2. The mediation was unsuccessful. Declaration of John H. Douglas in
10 Reply to Opposition to Motion for Leave to Amend ("Douglas Decl."), ECF No. 41, ¶ 7.

11   Counsel for Plaintiffs states that "Plaintiffs quickly made clear upon the failure of the
12 mediation that absent settlement they intended to file an amended complaint adding an 'off the
13 clock' claim based on the information first revealed during informal discovery." Id. Efforts to
14 meet and confer about the case following the mediation were delayed, however, because
15 Defendants retained new counsel. Id. ¶¶ 9-16. On July 7, 2015, Defendants informed Plaintiffs
16 that they would not stipulate to Plaintiffs' proposed amendments to the complaint. Id. ¶ 16.
17 Plaintiffs then associated additional counsel on July 17, 2015, and filed the instant motion for
18 leave to file their proposed Second Amended Complaint ("SAC") on July 23, 2015. Id. ¶ 17; ECF
19 No. 32.

20   Discovery in this action is ongoing. Plaintiffs represent that as of August 13, 2015, their
21 deposition of the corporate Defendants had commenced, but not concluded, and that Defendants
22 had responded to a first round of written discovery. Douglas Decl. ¶ 18. Defendants had not
23 propounded any discovery or noticed any depositions. Id.

24   The Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1367.

25 **II.   LEGAL STANDARD**

26   Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to
27 amend] when justice so requires." The Court considers five factors in deciding a motion for leave
28 to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

2

whether the plaintiff has previously amended his complaint. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013). Of these factors, "the consideration of prejudice to the opposing party [] carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The rule is "to be applied with extreme liberality." Id. at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III.   DISCUSSION

Plaintiffs seek an order granting them leave to file their proposed SAC. ECF No. 32. The SAC would add a cause of action for failure to pay minimum wages under California law; add a subclass of class members who were not compensated for time spent driving company branded vehicles from their homes to their first offsite jobs; add factual allegations related to the use of company vehicles; and remove a cause of action for violations of California Labor Code section 2751. Declaration of Page R. Barnes in Support of Motion to Amend Complaint ("Barnes Decl."), ECF No. 33, Ex. A. Defendants argue that Plaintiffs' motion should be denied because of the futility of the proposed amendment, undue delay, prejudice to Defendants, and the fact that Plaintiffs have previously amended their complaint. ECF No. 37 at 3-4.

#### A.   Futility of Amendment

Defendants argue first that the Court should deny leave to amend because Plaintiffs' primary amendment, relating to the use of company vehicles, would trigger a meritorious motion to dismiss and is therefore futile. Id. at 4-6. They contend that under California law, commute time in a company-provided vehicle is not automatically compensable without a level of employer control not asserted in the SAC, and therefore "Plaintiffs have no leg to stand on under California

law." Id. at 6.

"'The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" Allen v. Bayshore Mall, No. 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (quoting McClurg v. Maricopa Cnty., No. 09-cv-01684-PHX, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)). Under Rule 15(a), "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. For this reason, denial of a motion for leave to amend on the ground of futility "is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Clarke v. Upton, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)). The Court will not deny leave to amend on this basis.

### B.  Previous Amendment

Second, Defendants argue that Plaintiffs seek to add a new theory of liability based on facts known prior to the litigation, i.e. that Plaintiffs drove company vehicles to and from work. ECF No. 37 at 6-7. Defendants point out that Plaintiffs have amended their complaint once before, and that "[c]ourts may deny a motion to amend when the moving party asserts new theories merely seeking to cure prior deficient pleadings." ECF No. 37 at 7 (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989); Price v. Pinnacle Brands, Inc., 138 F.3d 602, 608 (5th Cir. 1998); Foman, 371 U.S. at 182). Plaintiffs respond that the amendments are based on new information revealed during informal discovery preceding the early mediation. ECF No. 140 at 5.

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). "However, in exercising [their] discretion, district courts look for a plaintiff's 'repeated failure to cure deficiencies by previous amendments.'" Jara v. Aurora Loan Servs. LLC, No. 11-cv-00419-LB, 2011 WL 4536898, at *5 (N.D. Cal. Sept. 30, 2011) (emphasis omitted)

4

(quoting Foman, 371 U.S. at 182).  Here, Plaintiffs have previously amended their complaint only once, before an answer had been filed.  ECF No. 12.  In addition, while Plaintiffs have known that they drive company vehicles to work since before this litigation began, their amendments are based in part on documents produced during informal discovery, which indicated that Defendants strictly limited the use of their vans to business purposes and that they had designed their vans to serve as advertising billboards.  Douglas Decl. ¶¶ 4, 5, Exs. 1, 2.  For these reasons, the Court will not deny leave to amend on this ground.

### C. Undue Delay and Prejudice

Finally, Defendants argue that Plaintiffs' undue delay in seeking this amendment prejudices Defendants by imposing an additional burden on their investigation and discovery efforts.  ECF No. 37 at 7-9.  They note that the motion for leave to amend was filed two months before Plaintiffs' anticipated motion for class certification, and suggest that this timing is also prejudicial to Defendants.  Id. at 1, 8.

Defendants have not shown that Plaintiffs unduly delayed in filing this motion.  The proposed amendment is based, in part, on information obtained from Defendants in informal discovery leading up to the parties' May 21, 2015 mediation.  Douglas Decl. ¶¶ 4, 5, 7.  Plaintiffs' decision not to seek leave to amend while the parties were engaged in mediation efforts was reasonable, and the delay between the May 21 mediation and the July 23 filing of this motion was primarily due to Defendants' change in representation.  Id. ¶¶ 7-17.

Even if Defendants could demonstrate that Plaintiffs had unreasonably delayed in bringing this motion, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987), "particularly 'where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith.'"  Serpa v. SBC Telecomms., Inc., 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) (quoting Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California, 648 F.2d 1252, 1254 (9th Cir. 1981)).  Prejudice is the factor that weighs most heavily in the analysis.  Eminence Capital, 316 F.3d at 1052.  "Ninth Circuit case law indicates that a defendant may establish prejudice by demonstrating that a motion to amend was

made after the cutoff date for such motions, or when discovery had closed or was about to close." Johnson v. Serenity Transp., Inc., No. 15-cv-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (collecting cases); see also James v. UMG Recordings, Inc., No. 11-cv-01613-SI, 2012 WL 4859069 (N.D. Cal. Oct. 11, 2012) (finding no bad faith, undue delay, or prejudice to the defendant where plaintiffs filed a motion for leave to amend their complaint five weeks before their class certification briefing was due).  Defendants may also demonstrate undue prejudice where new claims would "greatly alter[] the nature of the litigation and [] require[] defendants to [] undertake[], at a late hour, an entirely new course of defense." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  "Mere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend." Johnson, 2015 WL 4913266, at *5; see also Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc., No. 12-cv-01830-EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) ("The burden of having to defend a new claim alone is not undue prejudice under Rule 15.").

Here, no deadline to amend the pleadings has passed.  As of August 13, 2015, the deposition of the corporate Defendants was ongoing and Defendants had responded to a first round of written discovery, but had not propounded any discovery or noticed any depositions of their own.  Douglas Decl. ¶ 18.  Moreover, the defendants "need not radically change their litigation strategy in order to accommodate the proposed [] claims." Serpa, 318 F. Supp. 2d at 872.  The Court therefore finds that Defendants have not met their burden to demonstrate that leave to amend should be denied on the grounds of undue delay and prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for leave to amend their complaint is granted. Plaintiffs shall file their SAC within seven days of the date of this order.

IT IS SO ORDERED.

Dated:   August 27, 2015

_____
JON S. TIGAR
United States District Judge