UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIHAIL SLAVKOV, et al.,

    Plaintiffs,

v.

FAST WATER HEATER PARTNERS I, LP, et al.,

    Defendants.

Case No. 14-cv-04324-JST

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 48

    The Court has received the parties' joint discovery dispute letter concerning 28 separate categories of information.[1] ECF No. 48. The Court now orders as follows:

    1.    Defendants will produce sufficient information to show the identities of, and contact information for, members of the class, subject to the protective order that this Court already entered. ECF No. 35. Notice pursuant to Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554, 561 (2007), is not required. "Numerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members." Benedict v. Hewlett-Packard Co., No. 13-CV-0119-LHK, 2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013) (quoting Holman v. Experian Info Solutions, Inc., No. C 11–0180 CW, 2012 U.S. Dist. LEXIS 59401, at *48, 2012 WL 1496203 (N.D.Cal. Apr. 27, 2012)) (additional citations omitted).[2] This disposes of categories 1 and 11 in the parties' joint letter brief. ECF No.

---

[1] The letter lists 29 categories, but numbers 1 and 11 appear to be identical.

[2] This Court has previously addressed the need for Belaire notice once before, affirming a Magistrate Judge's determination that such notice was appropriate. Willner v. Manpower Inc., No. 11-CV-02846-JST, 2013 WL 1729771, at *2 (N.D. Cal. Apr. 22, 2013). However, in that case the Court's role was confined to determining whether the Magistrate Judge's ruling was

48 at 2.

2. The Court expresses no view now about whether the production of additional categories of information regarding putative class members might require a Belaire notice. See, e.g., Barreras v. Michaels Stores, Inc., No. C 12-4474 (PJH), 2015 WL 1886337, at *4 (N.D. Cal. Apr. 24, 2015) (Belaire notice appropriate for production of employees' medical leave requests).

3. Counsel have not sufficiently met and conferred regarding the Plaintiffs' remaining requests. The parties will commence at least eight hours of such negotiations immediately. At least four of those hours will be conducted in person, and the balance of them will be conducted on the telephone. The parties will keep track of the date, time, format, and duration of their negotiations. While the Court will not order lead trial counsel to conduct the negotiations, whichever lawyer does participate must have full authority to resolve any dispute himself or herself on the spot. During those eight hours, email will be used solely to document the parties' verbal agreements, and not to negotiate. While eight hours might seem like a great deal of time, it is dramatically less time than will be required by counsel and the Court if the parties' dispute remains in its current state.

4. Following their negotiations, the parties will submit another letter brief, addressing four of the parties' remaining discovery disputes or categories of information. Plaintiffs and Defendants will each select two. The parties will also set forth which disputes they have resolved by negotiation, and which additional disputes remain. The joint letter will be no more than eight pages in length. The parties will attach competing proposed orders to their joint letter. The letter must be submitted by October 9, 2015 at 5:00 p.m. PDT.

5. In considering the parties' competing proposed orders, the Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable. See Michael Carrell & Richard Bales, Considering Final Offer Arbitration to Resolve Public Sector Impasses in Times of Concession Bargaining, 28 Ohio St. J. on Disp. Resol. 1, 20 (2013) ("In baseball arbitration . . . the parties . . . have every incentive to make a reasonable proposal to the arbitrator because the

---

"clearly erroneous or contrary to law." Id.

1  arbitrator will choose the more reasonable offer"); see also Sage Electrochromics, Inc. v. View,
2  Inc., No. 12-CV-6441-JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) (same).

3        6.    The Court will hold a telephonic hearing on October 16, 2015 at 4:00 p.m. PDT.
4  The hearing will not be reported. The Court will then decide the disputes contained in the parties'
5  joint letter brief, and will set forth a mechanism for the resolution of any remaining disputes.

6        7.    The Court will not set a deadline now for the production of the materials described
7  in Paragraph One of this order. The parties should meet and confer about that. Factors to be
8  considered include the effort required to collect the information, the form the information will
9  take, and whether that information will need to be produced with other categories of information
10 which remain in dispute. If the parties cannot reach agreement on a production deadline, they
11 should inform the Court on October 16.

12       IT IS SO ORDERED.

13 Dated: September 25, 2015

                                            JON S. TIGAR
                                United States District Judge