UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIHAIL SLAVKOV, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>FAST WATER HEATER PARTNERS I, LP, et al.,<br><br>      Defendants. | Case No. 14-cv-04324-JST<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: ECF No. 53 |

    Now before the Court is the parties' second joint discovery letter brief. ECF No. 53. In their first discovery letter brief, the parties identified a variety of disputes concerning the production of documents, the production of class member identity information, the Defendants' response to Plaintiffs' contention interrogatories, and other issues. ECF No. 48. In a prior order, the Court resolved many of these disagreements, and ordered the parties to meet and confer about others. ECF No. 50. This most recent joint letter brief identifies the issues as to which disputes remain.

    In the introduction to their letter, the parties state that "[t]wo general issues remain outstanding: 1) to what extent Defendants are required to state all facts and produce all documents relating to Defendants' denial of Plaintiffs' class action allegations, 2) the scope and authentication of the production of all data relating to putative class members' compensation, hours and bonus multipliers." ECF No. 53 at 1.[1] The Court addresses these issues in turn.

---

[1] Although they agreed to this statement of issues in the joint introduction, the Defendants state the issues differently in their own section of the letter brief: "[T]he parties are stuck on three of Plaintiffs' requests: (1) that Defendants provide every document that might reflect on their defenses and denials; (2) that Defendants stipulate that Plaintiffs' proposed sampling is sufficient for their as yet unstated use of that data at class certification; and (3) that Defendants provide discovery in compilations produced under the mediation privilege." ECF No. 53 at 5. This order

A.     **Plaintiffs' Contention Interrogatories**

Plaintiffs served Defendants with requests for admission, accompanied by (1) interrogatories asking the Defendants to identify all facts and all documents supporting any denials, and (2) requests for production asking that such documents be produced. Such discovery requests are frequently referred to as "contention interrogatories." Although Plaintiffs' discovery requests cover a variety of topics, Plaintiffs now seek to compel Defendants to state all facts and produce all documents in support of Defendants' denial of Plaintiffs' class action allegations.

Defendants object to these requests on a number of grounds. First, Defendants object that identification of the facts and documents they intend to rely on is protected by the attorney work product privilege. The case they cite, Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573 (9th Cir. 1992), however, does not discuss contention interrogatories at all.[2] In fact, "as a general proposition, without some special showing, the work product doctrine cannot be used as a shield to deflect contention questions," In re Convergent Technologies Sec. Litig., 108 F.R.D. 328, 335 n. 20 (N.D. Cal. 1985); Fed. R. Civ. P. 33(b) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"), particularly where the interrogatory seeks only the identification of documents or knowledgeable witnesses. Kolker v. VNUS Med. Technologies, Inc., No. C 10-0900 SBA PSG, 2011 WL 5057094, at *6 (N.D. Cal. Oct. 24, 2011).[3] The Court overrules this objection.

Second, Defendants object on grounds of burden. As to Plaintiffs' document requests, they state that "Plaintiffs are not entitled to every document in Defendants' possession." ECF No. 53 at 5; see also id. at 6 ("Defendants also do not know how to cabin these requests or what would be responsive short of providing literally every document in Defendants' possession.").

This objection is not persuasive. Defendants are correct insofar as they suggest that the

---

addresses all issues raised in both formulations.

[2] Defendants also quotes Holmgren to the effect that attorneys are not allowed to borrow "the wits of their adversaries," attributing the quoted language to the Holmgren court at page 576. The Court was unable to find the quoted language anywhere in the Holmgren opinion.

[3] The work product doctrine does apply to documents prepared by attorneys for internal use, In re Convergent Technologies, 108 F.R.D. at 333, but no such documents are at issue here.

1  Court has the power to limit or prevent discovery when it is unduly burdensome, i.e., when the
2  burden imposed by the discovery outweighs its likely benefit considering the parties' resources and
3  the amount in controversy.  E.g., Lamon v. Adams, No. 1:09-CV-00205-LJO, 2011 WL 711580,
4  at *3 (E.D. Cal. Feb. 1, 2011); In re eBay Seller Antitrust Litig., No. C 07-1882 JF (RS), 2008 WL
5  5212170, at *2 (N.D. Cal. Dec. 11, 2008) ("[C]ourts have denied contention interrogatories based
6  solely on the grounds set forth in Rule 26, such as overbreadth or undue burden[.]").  But
7  Defendants have not met their burden to demonstrate that Plaintiffs' document production requests
8  impose such a burden.  Notwithstanding Defendants' description, it simply cannot be the case that
9  these requests call for "literally every document in the Defendants' possession" or, as Defendants
10 alternatively put it, that they will be forced "either [to] provide every document in Defendants'
11 possession tangentially relate to a defense or denial, or [to] identify the documents Defendants'
12 counsel is considering using in opposition to Plaintiffs' unfiled motion for class certification."
13 ECF No. 53 at 5-6.  The requests clearly call for less than all of the documents in Defendants'
14 possession, and Defendants have given the Court no information regarding the actual size of the
15 potential production.  The Court will overrule this objection to Plaintiffs' document requests.
16      Finally, Defendants also argue that the document requests accompanying the
17 interrogatories would require them to produce documents containing the confidential information
18 of putative class members.  This objection also is unconvincing.  "Numerous courts in the
19 Northern District of California have allowed pre-certification discovery of putative class members'
20 confidential information subject to a protective order, without requiring prior notice to the putative
21 class members."  Holman v. Experian Info. Solutions, Inc., No. C 11-0180 CW, 2012 WL
22 1496203, at *17 (N.D. Cal. Apr. 27, 2012) (citing cases).  That is the approach the Court will
23 adopt here.  The parties are ordered to meet and confer regarding an acceptable protective order,
24 and to submit either a stipulated form of order or competing proposals to the Court within seven
25 days of the issuance of this order.
26      As to Plaintiffs' "state all facts" interrogatories, however, Defendants' burden objection is
27 more persuasive.  Courts have wide discretion to decide whether and when a party must answer
28 contention interrogatories.  Rule 33(a)(2) of the Federal Rules of Civil Procedure provides that

"the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." "Commenting on this passage, the Advisory Committee notes that 'Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer.'" In re Convergent Technologies, 108 F.R.D. at 333 (quoting Fed. R. Civ. P. 33 advisory committee's note to 1970 amendments).

At this stage of the litigation, requiring the Defendants to "state all facts" amounts to requiring Defendants to give Plaintiffs a preview of Defendants' opposition to class certification. Once Defendants have produced the discovery materials relevant to certification, both sides will have access to the same evidence, and the burden of identifying relevant facts will be the same. And while contention interrogatories seeking the identification of facts are appropriate in some instances, at this early stage of the litigation they are premature. See In re eBay Seller Antitrust Litig., No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (contention interrogatories premature when discovery had not yet begun). The Court will sustain Defendants' objection to Plaintiffs' "state all facts" contention interrogatories at this juncture of the litigation.

**B.  Defendants' Compensation Information, Including Wage Statements, Bonus Calculation Documentation, Monthly Spreadsheets Used to Calculate Bonus Multipliers and Authentication of Previously Produced Compensation Information**

The next dispute relates to Plaintiffs' request that Defendants produce certain documents relating to putative class members' compensation. Specifically, Plaintiffs request that Defendants produce the putative class members' wage statements, accompanying documentation that details how the bonuses were calculated (such as Drivers Income Report and Technician Parts) and spreadsheets/evaluations (such as weekly reviews) used to calculate the bonus multipliers. Plaintiffs also requested that Defendants authenticate information that was previously provided by Defendants to Plaintiffs at a mediation conducted earlier in the case. The Court addresses these requests separately.

As to the production of documents related to putative class members' compensation, Defendants objection on grounds of undue burden is overruled. Defendants have not quantified

either the number of documents or the number of hours required to retrieve them, so there is no way for the Court to conclude that the burden of producing the documents is unreasonable. Furthermore, the information the Court does have suggests the opposite: in a telephonic hearing regarding the parties' discovery dispute, ECF No. 58, Defendants acknowledged that there are fewer than 100 class members.[4]

With regard to Plaintiffs' request that Defendants authenticate summaries Defendants provided at mediation, Defendants argue that production or authentication of the summaries would violate California's mediation privilege. That privilege "bars discovery or admission in evidence of any 'writing . . . prepared for the purpose of, in the course of, or pursuant to, a mediation.'" Cassel v. Superior Court, 51 Cal. 4th 113, 123 (2011) (quoting Cal. Evid. Code § 1119(b)).[5]

Plaintiffs do not dispute that the privilege applies, but note only that documents which were prepared independently of a mediation do not become privileged simply by virtue of having been exchanged at that mediation. So far as it goes, Plaintiffs' argument is correct. But Plaintiffs make no showing that the summaries provided at the mediation in this case fit that description.

Defendants' objection to the further production of, or request that they authenticate, summaries provided at the parties' mediation is sustained.

## CONCLUSION

Defendants' objections to Plaintiffs' "state all facts" contention interrogatories related to Defendants' denials of Plaintiffs' class action allegations are sustained. Defendants' objections to Plaintiffs' "identify all documents" contention interrogatories related to Defendants' denials of Plaintiffs' class action allegations are overruled. Defendants' objections to Plaintiffs' requests for

---

[4] Plaintiffs proposed that Defendants could instead produce a sample of the relevant documents provided Defendants agreed to certain conditions, but Defendants objected to the conditions. Because the Court has ordered the production of all relevant documents, the Court does not reach this alternative request.

[5] Because this case concerns, *inter alia*, claims based on California law, California's state law privileges apply here. Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007); Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA., No. 5:13-CV-05658-LHK, 2015 WL 4347711, at *2 (N.D. Cal. July 15, 2015), vacated in part on other grounds, Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, No. 13-CV-05658-LHK, 2015 WL 5168696 (N.D. Cal. Sept. 3, 2015). Plaintiffs do not disagree that the mediation conducted in this case was subject to the California state law mediation privilege.

1  Defendants' compensation-related documents as set forth above are overruled.  Defendants'
2  objections to Plaintiffs' requests for production or authentication of documents provided at
3  mediation are sustained.
4       The parties are ordered to file either a stipulated request for entry of protective order or
5  competing proposals for such an order within seven days of issuance of this order.  Defendants are
6  ordered to produce the foregoing documents within seven days of the entry of that order by the
7  Court.
8       IT IS SO ORDERED.
9  Dated:  October 30, 2015

                                         JON S. TIGAR
                                 United States District Judge

United States District Court
Northern District of California