UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIHAIL SLAVKOV, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FAST WATER HEATER PARTNERS I, LP, et al.,<br><br>    Defendants. | Case No. 14-cv-04324-JST<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 47 |

    Before the Court is Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action in their Second Amended Complaint. ECF No. 47. For the reasons stated below, the motion is denied.

## I.  BACKGROUND

    Plaintiffs Mihail Slavkov, Nikola Vlaovic, and Martin Arnaudov filed this putative class action against Defendants Fast Water Heater Partners I, LP dba Fast Water Heater Company; FWH Acquisition Company, LLC dba Fast Water Heater Company, Jeffrey David Jordan; and Jason Sparks Hanleybrown. Complaint. ECF No. 1. In the operative Second Amended Complaint, dated August 27, 2015, they allege that they are former employees of Defendants who performed services in the San Francisco Bay Area including the installation of water heaters and other core plumbing products at customers' homes. Second Amended Complaint ("SAC"), ECF No. 44 at ¶ 6-8. They assert the following claims: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime wages in violation of California law; (3) failure to pay minimum wages under California law; (4) failure to make payments within the required time in violation of California law; (5) failure to provide proper itemized wage statements in violation of California law; (6) failure to provide reimbursements; (7) failure to comply with San Francisco Sick Leave Ordinance; (8) unlawful taking of wages

under Labor Code sections 219 and 221; (9) violation of the Fair Credit Reporting Act ("FCRA"); (10) violation of the Investigative Consumer Reporting Agencies Act ("ICRAA"); (11) unfair competition in violation of California law; and (12) violation of the Private Attorney General Act ("PAGA"). Id. ¶¶ 34-114.

Defendants filed this motion to dismiss the Third Cause of Action in Plaintiffs' SAC on September 14, 2015. ECF No. 47. Plaintiffs filed a response on September 28, 2015, ECF No. 51, and Defendants replied on October 5, 2015, ECF No. 52.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. ANALYSIS

Defendants challenge the Third Cause of Action pleaded by Plaintiffs, which alleges that Defendants "willfully paid Plaintiffs and the California class less than minimum wages set forth in the California Labor Code." SAC ¶ 47. The gravamen of the claim underlying Plaintiffs' Third Cause of Action is that Defendants should have compensated their employees for their commute time at the beginning and end of each day, spent driving in company vans between their homes and their first and last appointments. Both sides appear to agree that the governing framework for

1   this motion is found in Rutti v. Lojack Corp., 596 F.3d 1046 (9th Cir. 2009), and Morillion v.
2   Royal Packing Co., 22 Cal. 4th 575 (2000). In Morillion, the California Supreme Court held that
3   employees are entitled to compensation for all time when they are "subject to an employer's
4   control." 22 Cal. 4th at 581. The defendant in Morillion was an agricultural company that
5   required employees to meet at specified areas and ride to the work site on buses provided by
6   defendants. Id. at 579. Employees were not allowed to use their own transportation. Id. Because
7   they were required to use the company's buses, and could not conduct other activities during their
8   commute, such as "drop[ping] off their children at school, stop[ping] for breakfast before work, or
9   run[ning] other errands requiring the use of a car," the Morillion court held that the employees
10  were subject to defendants' control during their commute and were therefore entitled to
11  compensation during that time. Id. at 586. In deciding whether time was compensable, the
12  Morillion court held, "[t]he level of the employer's control over its employees, rather than the
13  mere fact that the employer requires the employees' activity, is determinative." Id. at 587.
14        In Rutti, the Ninth Circuit held, relying on Morillion, that employees were subject to their
15  employers' control when they were required to drive company vehicles to their appointments,
16  could not stop for personal errands or take passengers, could not use personal cell phones, and
17  were required to answer calls from the company dispatcher and to follow the schedule dictated to
18  them by the company. 596 F.3d at 1061-62. It reversed a grant of summary judgment, repeating
19  Morillion's holding that the key test is whether the employees were "subject to the control of an
20  employer" during their commute time. Id. at 1062.
21        Plaintiffs here allege as follows in their SAC:

> PLAINTIFFS and current and former non-exempt employees of DEFENDANTS in
> California were provided company vehicles emblazoned with the DEFENDANTS'
> contact information and logos in large print on their sides that DEFENDANTS also
> use as "mobile billboards" to advertise their water heater installation business.
> PLAINTIFFS were required as a matter of policy and/or practice to use these
> vehicles to travel from their homes to their first customer locations of the day,
> between jobs during the day and to travel from their last jobs back to their homes.
> In addition to their advertising functions, the vehicles provided by DEFENDANTS
> constitute a place of work and their use benefits the DEFENDANTS as these
> company provided vehicles were also used to store and transport tools, equipment
> and plumbing products sold by the DEFENDANTS. The DEFENDANTS at all

times maintained strict control over these company vehicles and continually monitored their speed and location via remote "GPS" technology as soon as their engines were turned on and the vehicles began moving. Under DEFENDANTS' policies, use of these vehicles was limited to company business and personal use of the vehicles – or transporting anyone other than another of DEFENDANTS' employees – was prohibited.   SAC ¶ 27.

Defendants assert that the cause of action should be dismissed because Plaintiffs fail to allege the same facts that supported a sufficient level of control in Rutti and Morillion. ECF No. 47 at 8. Plaintiffs respond that their theory of the claim is that "if a California employer does not maintain a fixed workplace to which it requires its employers to commute in a company-provided and outfitted service vehicle ─ which must nonetheless be used to travel to and from customer locations each day ─ those service vehicles effectively function as that employer's 'workplace.'" ECF No. 51 at 4.

The Court will not dismiss this cause of action. Both Rutti and Morillion are clear that it is the overall "level of control" exhibited in each case that is determinative, not that the presence or absence of any particular fact creates a bright-line test. On these allegations, it is plausible that Plaintiffs could demonstrate sufficient employer control even in the absence of certain facts deemed relevant in Rutti and Morillion. See, e.g., Campbell v. Best Buy Stores, L.P., No. LA CV12-07794 JAK (SHx), 2013 WL 53302217 at *9 (C.D. Cal. Sept. 20, 2013) (denying a summary judgment motion by employer defendants even though the Rutti factor of employer control over employees' routes was absent, and noting that "Rutti did not state that this factor was to be dispositive or given more weight than others").

In any event, subsequent case law makes clear that a significant factor in Rutti and Morillion was whether employees were required to use the form of transport provided by their employer. In Overton v. Walt Disney Co., 136 Cal. App. 4th 263, 271 (2006), the California Court of Appeal held that time spent on a shuttle between Disney's employee lots and the park was not compensable because employees were not required to park at the lot ─ indeed, ten percent of employees commuted to work through other means. The court noted: "[a]s is clear from our discussion of Morillion, the key factor is whether Disney *required* its employees who were assigned parking in the Katella lot to park there and take the shuttle." Id. (emphasis in original).

4

Similarly, in Alcantar v. Hobart Serv., 800 F.3d 1047, 1054-55 (9th Cir. 2015), the Ninth Circuit reversed a district court's grant of summary judgment, basing its decision on the question of whether an employer's policy of allowing its employees to either leave company vehicles overnight at a company parking lot (in which case they could commute to work in other ways) or bring the company vehicle home (in which case they were required to drive it to work the next day) was, in fact, an illusory choice. As the Ninth Circuit noted, there were allegations that employees in reality had to bring the company vehicles home due to lack of space in the parking lot, and therefore were required to drive them back to work. Id. at 1055. Summary judgment was improperly granted because plaintiffs had "raise[d] a genuine dispute of material fact as to whether technicians are, as a practical matter, required to commute in Hobart's vehicles." Id.

Defendants cite Novoa v. Charter Commc'ns, LLC, 100 F. Supp. 3d 1013 (E.D. Cal. 2015) for the proposition that "operating a branded company vehicle [does] not render a commute compensable," ECF No. 52 at 7, and argue that since Plaintiffs' minimum wage claim is essentially based on Plaintiffs' operating a branded vehicle, the claim should be dismissed. The central issue for the Court in Novoa, however, was not whether employees commuted in "branded company vehicles," but whether employees "voluntarily elected to commute in the employer's vehicle," 100 F. Supp. 3d at 1021. The Novoa court granted summary judgment to the employer because it did not require employees to begin driving company vehicles from home; employees had the option of beginning their work day at company premises. Id.

Those are not the facts Plaintiffs allege in the present case. Plaintiffs here allege that they were "required as a matter of policy and/or practice to use these vehicles to travel from their homes to their first customer locations of the day . . . and to travel from their last jobs back to their homes." SAC ¶ 27. They also allege that Defendants "at all times maintained strict control over these company vehicles and continually monitored their speed and location via remote 'GPS' technology," and that "personal use of the vehicles ─ or transporting anyone other than another of DEFENDANTS' employees ─ was prohibited." Id. These allegations are sufficient to plead that employees were under Defendants' control pursuant to Rutti and Morillion and, therefore, to

ground a claim for compensation for their commute time.[1]

Accordingly, Defendants' motion to dismiss is denied.

IT IS SO ORDERED.

Dated:  December 10, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] Because these allegations are sufficient, the Court does not address or reach any conclusion in regards to Plaintiffs' alternative theories, such as that the "continuous workday" doctrine applies, or that Defendants are asking employees to drive "moving billboards." See ECF No. 51 at 8.