1    Sue J. Stott, State Bar No. 91144
     SStott@perkinscoie.com
2    Jonathan S. Longino, State Bar No. 273936
     JLongino@perkinscoie.com
3    Aaron J. Ver, State Bar No. 295409
     AVer@perkinscoie.com
4    **PERKINS COIE LLP**
     505 Howard Street, Suite 1000
5    San Francisco, CA  94105-3204
     Telephone:  415.344.7000
     Facsimile:  415.344.7050
6

7    Attorneys for Defendants
     FAST WATER HEATER PARTNERS I, LP
8    DBA FAST WATER HEATER COMPANY,
     FWH ACQUISITION COMPANY, LLC DBA
     FAST WATER HEATER COMPANY;
9    JEFFREY DAVID JORDAN; AND JASON
     SPARKS HANLEYBROWN

10

11                **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13   MIHAIL SLAVKOV, NIKOLA              Case No. CV 14-4324 JST SHK
     VLAOVIC AND MARTIN ARNAUDOV,
14   individually and on behalf of those  **JOINT STIPULATION TO DISMISS**
     similarly situated,                 **CLASS CLAIMS AND FILE AMENDED**
15                                        **COMPLAINT; [**~~PROPOSED~~**] ORDER**
                         Plaintiffs,     **THEREON**
16
               v.
17
     FAST WATER HEATER PARTNERS I,
18   LP dba Fast Water Heater Company, a
     Delaware Limited Partnership; FWH
19   ACQUISITION COMPANY, LLC dba
     Fast Water Heater Company, a Delaware
20   Limited Liability Company; JEFFREY
     DAVID JORDAN, an individual; and
21   JASON SPARKS HANLEYBROWN, an
     individual,
22
                         Defendants.
23

24

25

26

27

28   STIPULATION AND [~~PROPOSED~~] ORDER
     Case No. CV 14-4324 JST

     132063297.9

1    Through this stipulation, Plaintiffs Mihail Slavkov, Nikola Vlaovic, and Martin Arnaudov

2    ("Plaintiffs") and Defendants Fast Water Heater Partners I, LP dba Fast Water Heater Company;

3    FWH Acquisition Company, LLC dba Fast Water Heater Company; Jeffrey David Jordan; and

4    Jason Sparks Hanleybrown ("Defendants") jointly stipulate and request that the Court dismiss the

5    class and collective allegations[1] (collectively, "Class Allegations") in Plaintiffs' Second Amended

6    Complaint ("SAC").  The Parties further stipulate that Plaintiffs be permitted to file a Third

7    Amended Complaint ("TAC"), which is attached hereto as Exhibit A, with a redline comparing

8    the TAC to the SAC is attached as Exhibit B.  The Parties reached this stipulation, in principle,

9    with the assistance of Magistrate Judge Sallie Kim on at a Mandatory Settlement Conference.

10    Good cause exists for the Court to grant this request and issue an order on the stipulation.

11    After nearly two years of litigation, the Parties agree that it is unlikely that this matter meets the

12    requirements to proceed as a class or collective action under Rule 23 or the Fair Labor Standards

13    Act.  Further, dismissal of the class claims will not prejudice any individual.  A majority of the

14    putative class have either settled individually with Defendants or are currently represented by

15    Plaintiffs' counsel.  Most of the remainder cannot be presently located.  And pursuant to the

16    tolling agreement contained in this stipulation, the remaining members of the putative subclasses

17    who can be located can pursue and prosecute their individual claims.  The Parties, therefore,

18    agree that this matter should be pursued on an individual and not a class basis.

19    As set forth below, each Party has asserted various factual and legal claims or defenses

20    regarding the allegations in the SAC.  Except as specifically set forth in this stipulation, neither

21    Party is conceding the validity or accuracy of the factual and legal claims or defenses regarding

22    the allegations in the SAC.  Further, in stipulating that Plaintiffs may file the TAC, Defendants do

23    not admit the legal sufficiency or factual accuracy of any of the allegations in the TAC.

24    Defendants do not waive any defenses they may assert to any of the legal or factual claims in the

25

26

---

27    [1] Specifically, the Class Allegations include paragraphs 1-2, 14-25, 107-114 of the SAC,
references to "current and former employees" in paragraphs 2, 16, 30-31, 33, 109, and 113 of the
SAC as well as the references to "current and former non-exempt employees" in paragraphs 1-2,
28    10-11, 14-18, 26-29, 35-39 of the SAC.

-2-

STIPULATION AND [~~PROPOSED~~] ORDER
Case No. CV 14-4324 JST
132063297.9

TAC, including whether joinder of any or all of the Plaintiffs in a single consolidated case is appropriate.

This stipulation and request is made on the following facts:

The putative class members are current and former hourly, non-exempt water heater installers who operate in California, Washington, and Oregon.  Defendants claim the three states are split into four different geographic regions, each of which is managed by a Regional Field Supervisor.  While Plaintiffs initially proposed up to 10 putative subclasses, the putative class can be thought of as generally comprised of three putative subclasses, the California Putative Subclass,[2] the FLSA Putative Subclass,[3] and the FCRA Putative Subclass.[4]  The majority of the claims in the SAC relate to the California Putative Subclass.  The SAC primarily alleges: (1) that Defendants miscalculated the overtime compensation for the California and FLSA Putative Subclasses because they did not include a periodic bonus (which Plaintiffs contend is non-discretionary) in the regular rate for purposes of calculating overtime; (2) that time the California Putative Subclass spent traveling from and/or to home to and/or from the first and last job site was not properly considered compensable; (3) that Defendants did not comply with San Francisco city ordinances regarding sick leave pay for the California Putative Subclass; (4) that Defendants did not fully reimburse the California Putative Subclass for business expenses; and (5) that the notice and authorization form Defendants provided prior to obtaining a consumer report did not comply with state and federal law.

Defendants have asserted factual and legal defenses to each of these allegations, including (1) that any bonuses were issued at the discretion of the individual manager, and so not includable

---

[2] As defined in paragraph 18 of the SAC, Defendants submit the California Putative Subclass includes 71 individuals who may have a claim under each claim in the SAC. Specifically, each individual in the California Putative Subclass is also a member of each of the other two putative subclasses.

[3] As defined in paragraph 14 of the SAC, the FLSA group are the individuals who elect to opt-in to Plaintiffs' claim for recovery under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Defendants contend there are 95 individuals who are eligible for this putative subclass. All of the individuals in the California Putative Subclass are eligible for the FLSA Putative Subclass. 4 in California have opted into the putative subclass.

[4] As defined in paragraph 22 of the SAC, there are 119 individuals who are eligible for the FCRA Putative Subclass.  Of those, Defendants submit only 24 are not members of the other two putative subclasses.

in the regular rate or subject to class adjudication; (2) that travel time is non-compensable because it is not time subject to the control of the employer; (3) that no individuals worked in San Francisco enough hours to be subject to its sick pay ordinance; (4) that Defendants reimbursed business expenses as required by law; and (5) that Defendants did not obtain a consumer report for employment purposes, but, instead, a third party obtained that report using a form that substantially complied with the various applicable statutes.

Beginning in November 2015, Defendants offered individual settlement agreements to most of the members of the putative class.  Of all 119 putative class members, Defendants submit that 53 accepted the settlement offer, 12 rejected the offer, 32 did not respond, and 22 did not receive an offer because they were FCRA-only putative subclass members.  Of the 71 California Putative Subclass members, Defendants contend that 46 accepted the settlement offer, 2 rejected the offer, 3 are named plaintiffs, 4 have opted into the collective action, and 16 did not respond.  Of those 16 who did not respond, Defendants contend they skip traced 8 of these individuals for current addresses and are presently unable to state whether the non-responders can be found—6 of the non-responders are former employees who are no longer in contact with the Company.  An exemplar of the settlement offer is attached as Exhibit C.

In November 2015, Plaintiffs' counsel sent letters to the last known address of all members of the putative class, notifying them of this litigation and requesting that the individuals opt-in to the FLSA Putative Subclass.  Plaintiffs' counsel received responses or otherwise heard from 6 individuals  who have or have expressed an intention to opt-in to the FLSA Putative Subclass and assert the other applicable allegations in this case.  In 2016, Defendants' counsel mailed additional settlement offers to individuals who did not accept earlier offers.  Between letters from Plaintiffs' counsel and Defendants' counsel, every member of the putative class has received at least two notices regarding this litigation or cannot be located so far.  Members of the California Putative Subclass may have received as many as six different notices from the Parties' counsel regarding this litigation.

STIPULATION AND [PROPOSED] ORDER
Case No. CV 14-4324 JST
132063297.9

1    Based on these facts, the Parties no longer believe that this matter is appropriate for class

2    treatment and that further litigating this matter as a class or collective action will result in the

3    waste of judicial and litigation resources.

4    **First,** the Parties no longer believe that this matter necessarily meets the numerosity

5    element of Rule 23(a) in order to bring a class claim because there are relatively few members of

6    the putative class who have not reached a settlement with Defendants or elected to be represented

7    by Plaintiffs' counsel (those few individuals who did not settle and are also not represented by

8    Plaintiffs' counsel are referred to as "***Absent Members***").  Of the 71 individuals originally in the

9    California Putative Subclass, 46 have entered into an individual settlement agreement with

10   Defendants.  Of the 25 members of the California Putative Subclass who remain, 7 are

11   represented by Plaintiffs' counsel.  Accordingly, there are only 18 Absent Members, 16 of whom

12   have not responded to either party.  The Parties do not believe this meets the threshold for a

13   putative class action in the Northern District of California.  *See e.g.*, *Greko v. Diesel U.S.A., Inc.*,

14   277 F.R.D. 419, 425 (N.D. Cal. 2011) (finding as a general matter that a class greater than forty

15   satisfies the numerosity requirement); *Californians for Disability Rights, Inc. v. California Dep't*

16   *of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008) ("While there is no bright-line rule as to how

17   many class members are required to be sufficiently numerous, various courts have found that the

18   numerosity factor is satisfied if the class comprises 40 or more members").

19   Similarly, of the 95 individuals in the FLSA Putative Subclass, only 9 have elected to opt-

20   in or assert a claim (including the three named Plaintiffs).  A further 51 individuals have entered

21   into individual settlement agreements with Defendants.

22   The absent members of the putative class also do not appear ascertainable.  Despite efforts

23   by both Parties, the Parties are unable to verify the contact information of 16 members of the

24   putative class, all of whom are former employees.  This is especially true of the FCRA Putative

25   Subclass, most of whom are former applicants, not employees, whose location is presently

26   unknown despite vigilant efforts by both Parties.  Courts have recognized the need for a class to

27   be ascertainable in order for it to proceed as a class under Rule 23.  *See, e.g., Herrera v. LCS Fin.*

28   *Servs. Corp.*, 274 F.R.D. 666, 672 (N.D. Cal. 2011).

-5-

The issues with numerosity and ascertainability, alone, evidence good cause to dismiss class allegations and permit those represented by Plaintiffs' counsel to pursue their claims individually.

*Second*, Defendants assert that they are of limited financial means, such that they would not be able to pay the damages sought for a class, even if Plaintiffs were able to certify a class. Defendants have provided Plaintiffs' counsel with sufficient access to its financial data to satisfy Plaintiffs' counsel that this is an appropriate basis for entering this stipulation.

*Third,* no individuals will be prejudiced by the dismissal of Class Allegations.  Based on the above, the named Plaintiffs and those who have elected to pursue their claims intend to proceed with their individual claims.  The remaining members of the putative class have either resolved all disputed claims with Defendants or are otherwise entitled pursue a claim individually.  All individuals have received multiple notices of this litigation, and so are aware that there are some employees who believe there may be individual claims to assert against the Company.  In order to avoid any question of prejudice, the Parties have also stipulated and agreed that the statute of limitations relating to the claims asserted in this litigation is to be tolled for the Absent Members.  This tolling agreement is dependent on the Court entering an order approving this stipulation and request.  Specifically, the tolling period will extend so that an Absent Member will have the same claims available as if the individual was a named Plaintiff at the filing of this suit.  The statute of limitations would resume running only upon the entry of any order approving this stipulation.  Accordingly, no Absent Member will be prejudiced by the dismissal of Class Allegations should they decide to pursue and individual claim.

*Therefore,* the Parties agree that dismissal of class claims and allegations without prejudice is appropriate. Individual claims of the named Plaintiffs and the Absent Members are preserved, without the possibility of unnecessary expenditure of judicial and litigation resources that may come with bringing a motion for class certification which the Parties recognize could very well not be granted. The Parties have reached this stipulation after extensive discovery, two mediation sessions with private mediators, and two mediation sessions with Magistrate Judge Kim. Plaintiffs and Defendants, therefore, stipulate to and request that the Court issue an order as

1    follows: (1) Plaintiffs shall file the Third Amended Complaint (Exhibit A) within 10 days of the

2    Court's Order relating to this Stipulation; (2) the class and collective claims asserted in the

3    Second Amended Complaint shall be dismissed without prejudice and all deadlines relating to the

4    class certification motion shall be vacated; and (3) the statutes of limitation relating to the absent

5    class members shall be tolled until an order is entered regarding this stipulation.

6    DATED:  September 30, 2016                    **PERKINS COIE LLP**

7

8                                                                By: /s/ Jonathan S. Longino
                                                                    Sue J. Stott
9                                                                   Jonathan S. Longino

10                                                              Attorneys for Defendants

11   DATED:  September 30, 2016                    **WOODALL LAW OFFICES**

12

13                                                             By: /s/ Kevin F. Woodall
                                                                   Kevin F. Woodall

14                                                            Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

1

2
## [PROPOSED] ORDER

3          PURSUANT TO THE STIPULATION OF THE PARTIES, and finding good cause, IT IS

4   ORDERED that:

5          1.      The class and collective actions asserted in the Second Amended Complaint be

6   dismissed without prejudice;

7          2.      All deadlines relating to the class certification motion shall be vacated;

8          3.      Plaintiffs shall file the Third Amended Complaint, which is attached to the

9   Stipulation as Exhibit A, within 10 days of this Order; and

10         4.      The claims of the absent class members shall be tolled until the date of this Order.

11

12  DATED: ___October 3, 2016___          _____

13                                        HON. JON S. TIGAR
                                          UNITED STATES DISTRICT COURT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
Case No. CV 14-4324 JST

132063297.9